IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KESHA TERRY, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:21-CV-16-X-BH |
| ) | |
| DETENTION WORKERS, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed with prejudice.

## I. BACKGROUND

On January 5, 2021, the plaintiff filed this civil rights action under 42 U.S.C. § 1983 against an unnamed supervisor and unnamed employees of the Dallas Sheriff's Department. (*See* doc. 3.) She claims that while being booked into the Dallas County Jail in 2014, she was subjected to excessive force and assaulted by some detention officers. (*See id.*; *see also* doc. 10 at 4-5, doc. 11 at 5.)[2] She seeks monetary compensation for the injuries she allegedly sustained. (*See id.*)

The plaintiff has previously sued the same unnamed employees for allegedly using excessive force against her in 2014 while she was being booked into the Dallas County Jail in 2014, and she sought to proceed *in forma pauperis* in that case. (*See Terry v. Supervisor et al.,* No. 3:17-CV-4-G (BT), (N.D. Tex.), docs. 3, 9. Her lawsuit was twice dismissed for want of prosecution, but a subsequent motion to reopen the case was denied as futile because her claims were barred by the statute of limitations. *See Terry v. Supervisor et al.,* No. 3:17-CV-4-G (BT), No. 2018 WL 3489629, at *1 (N.D. Tex. June 22, 2018), *rec. adopted*, 2018 WL 3475666 (N.D. Tex. July 18, 2018). She

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

filed an untimely notice of appeal, and her appeal was dismissed for lack of jurisdiction. *See Terry v. Supervisor et al.*, 776 F. App'x 222 (5th Cir. 2019).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Plaintiff has filed a prior action against the same defendants based on the same allegations that she asserts in this IFP case. Accordingly, this lawsuit is duplicative and subject to dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous. *See Waller v. Tuten*, 821 F. App'x 389, 390 (5th Cir. 2020) (citing *Bailey*, 846 F.2d at 1021); *see also Toombs v. Massingill*, 647 F. App'x 425 (5th Cir. 2016) (finding no abuse discretion in the district court's determination that a complaint duplicative of a prior § 1983 action was malicious) (citing *Bailey*); *Thornton v. Merchant*, 526 F.

2

App'x 385, 387 (5th Cir. 2013) (finding no error in dismissal of claim raised in a previous § 1983 action as duplicative despite the plaintiff's argument that the claim was never litigated on the merits) (citing *Bailey*); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (same).  Even if this lawsuit is not duplicative, however, as found in her previous lawsuit, her claims arising from her 2014 arrest are still long-barred by the two-year statute of limitations applicable to § 1983 actions.  *See Terry*, No. 2018 WL 3489629, at *1

### III.  RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2), or alternatively, as time-barred.

**SO RECOMMENDED on this 25th day of January, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE