IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KESHA TERRY,                          )
          Plaintiff,              )
vs.                                   )    No. 3:21-CV-16-X-BH
                    )
DETENTION WORKERS, et al.,            )
          Defendants.            )    Referred to U.S. Magistrate Judge[1]

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion Responding to the Judgement/also Concerning Objections in my Civil [sic] Filed Under 42 USC Section 1983 Objecting Magistrate Findings*, filed on March 8, 2021 (doc. 16).   Based on the relevant filings and applicable law, the motion should be liberally construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

## I.  BACKGROUND

On January 5, 2021, the plaintiff filed this civil rights action under 42 U.S.C. § 1983 against an unnamed supervisor and unnamed employees of the Dallas Sheriff's Department.  (*See* doc. 3.) She claimed that while being booked into the Dallas County Jail in 2014, she was subjected to excessive force and assaulted by some detention officers, and she sought monetary compensation for her resulting injuries.  (*See id.*; *see also* doc. 10 at 4-5, doc. 11 at 5.)[2]  It was recommended that her lawsuit be dismissed as duplicative of a prior lawsuit, and in the alternative, as time-barred.  (*See* doc. 13.)  The recommendation noted that the prior lawsuit had twice been dismissed for want of prosecution, but that the plaintiff's subsequent motion to reopen the case was denied as futile because her claims were time-barred.  (*See id.* (citing *Terry v. Supervisor et al.,* No. 3:17-CV-4-G

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(BT), No. 2018 WL 3489629, at *1 (N.D. Tex. June 22, 2018), *rec. adopted*, 2018 WL 3475666 (N.D. Tex. July 18, 2018)).  By judgment dated February 16, 2021, her complaint was dismissed as duplicative, and in the alternative, as time-barred.  (*See* docs. 13, 14, 15.)

On March 8, 2021, the plaintiff filed a motion in which she objected to the dismissal of her case as duplicative, noting that the dismissal of her prior case had been without prejudice, so she was allowed to re-file her claims.  (*See* doc. 16.)  She also contended that she had pleaded enough facts concerning her claims and injuries, and that she has a right to be heard.  (*Id.* at 1-2.)

## II.  RULE 59(e)

The plaintiff's motion with objections was filed less than 28 days after the entry of judgment. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The plaintiff's filing is properly considered as a motion to alter or amend the judgment under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

2

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

The plaintiff's motion states in conclusory fashion that she is entitled to pursue her claims because the dismissal of her prior lawsuit was without prejudice, and she has stated a claim. She has not shown that this case is not duplicative of her prior lawsuit, however. *See Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (finding no error in dismissal of claim raised in a previous § 1983 action as duplicative despite the plaintiff's argument that the claim was never litigated on the merits) (citing *Bailey*); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (same). Even assuming this lawsuit is not duplicative, she has also not shown that her claims based on her 2014 arrest are timely. *See Terry*, No. 2018 WL 3489629, at *1. The plaintiff has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. She has not shown

that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III. RECOMMENDATION

The plaintiff's motion to alter or amend the judgment should be **DENIED**.

**SO RECOMMENDED on this 10th day of March, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4