UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-16-X-BH |
| | § | |
| DETENTION WORKERS, et al., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the plaintiff's Motion Responding to the Judgment. [Doc. No. 16]. The United States Magistrate Judge made findings, conclusions, and a recommendation regarding the motion. [Doc. No. 17]. The plaintiff filed objections. The Court therefore reviews the proposed findings, conclusions, and recommendation de novo. Having done so, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court previously dismissed the plaintiff's suit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2), or alternatively as time-barred.[1] The plaintiff filed objections, which the Magistrate Judge correctly construed as a motion to alter or

---

[1] Doc. No. 14. The Court found this suit frivolous because it is duplicative of a prior lawsuit that was twice dismissed for want of prosecution. *See Terry v. Supervisor et al.*, 2018 WL 3489629 (N.D. Tex. June 22, 2018), *rec. adopted*, 2018 WL 3475666 (N.D. Tex. July 18, 2018). Alternatively, the Court found this suit was also time-barred because the incident at issue occurred in 2014 and all claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (finding that Texas's two-year statute of limitations for personal-injury suits applies to federal section 1983 claims).

amend the judgment under Federal Rule of Civil Procedure 59(e).[2] In her motion, the plaintiff asserts in conclusory fashion that she has stated a claim and that dismissal of this lawsuit with prejudice was improper because the Court dismissed her prior suit in 2018 without prejudice.[3] The Magistrate Judge recommended that the Court deny the plaintiff's motion.[4]

The Court finds the plaintiff does not identify any intervening change in controlling law, new evidence, or manifest errors of law or fact that would lead the Court to consider altering the prior judgment.[5] Therefore, the Court **ACCEPTS** the Magistrate Judge's findings, conclusions, and recommendation, and **DENIES** the plaintiff's motion to alter or amend the judgment.

**IT IS SO ORDERED** this 31st day of March, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 17 at 1.

[3] *See generally* Doc. No. 18.

[4] Doc. No. 17 at 4.

[5] *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (reciting the elements needed to prevail on a motion under Rule 59(e)).