IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KESHA TERRY, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:21-CV-16-X-BH |
| ) | |
| DETENTION WORKERS, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the *Motion for Clarification/Civil Rights Violation Under Section 42 USC 1983/Civil Case Not Frivolous/Merits/Law Applies to Civil Case*, filed on April 5, 2021 (doc. 20), and the *Motion to amend and add to Motion to Clarification filed April 5, 2021 & A Right to Hearing Under 28 USC & 1343 (3) 1948-Federal Court Rule*, filed on April 8, 2021 (doc. 21). Based on the relevant filings and applicable law, the motions should be liberally construed as seeking relief from judgment under Fed. R. Civ. P. 60(b) and **DENIED.**

**I. BACKGROUND**

On January 5, 2021, the plaintiff filed this civil rights action under 42 U.S.C. §1983 against an unnamed supervisor and unnamed employees of the Dallas Sheriff's Department. (*See* doc. 3.) She claimed that while being booked into the Dallas County Jail in 2014, she was subjected to excessive force and assaulted by some detention officers, and she sought monetary compensation for her resulting injuries. (*See id.*; *see also* doc. 10 at -5, doc. 11 at 5.)[2] It was recommended that her lawsuit be dismissed as duplicative of a prior lawsuit, and in the alternative, as time-barred. (*See* doc. 13.) The recommendation noted that the prior lawsuit had twice been dismissed for want of

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

prosecution, but that the plaintiff's subsequent motion to reopen the case had been denied as futile because her claims were time-barred. (*See id.* (citing *Terry v. Supervisor et al.*, No. 3:17-CV-4-G (BT), 2018 WL 3489629, at *1 (N.D. Tex. June 22, 2018) (noting that the plaintiff's motions to reopen and for clarification had been denied as futile because her claims were time-barred), *rec. adopted*, 2018 WL 3475666 (N.D. Tex. July 18, 2018)). By judgment dated February 16, 2021, her complaint in this case was dismissed as duplicative, and in the alternative, as time-barred. (*See* docs. 13, 14, 15.)

On March 8, 2021, the plaintiff filed a motion in which she objected to the dismissal of her case as duplicative, noting that the dismissal of her prior case had been without prejudice, and claiming that she was therefore allowed to re-file her claims. (*See* doc. 16.) She also contended that she had pleaded enough facts concerning her claims and injuries, and that she had a right to be heard. (*Id.* at 1-2.) Her motion was construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e), and over her objection, it was denied because she had not shown entitlement to the extraordinary relief provided by that rule. (*See* docs. 17, 18, 19.)

The plaintiff again argues that she may bring her claims because her prior case was closed without prejudice. (doc. 20 at 1; doc. 21 at 2.) She also contends that she has submitted new evidence in this case and a motion to rename and add the Dallas Sheriff's Department to the case. (*See id.*; doc. 21 at 1.) Finally, she claims that her lawsuit is not time-barred because the statute of limitations for tort claims applies in this case, and that it has merit. (*See id.* at 1-2; doc. 21 at 1-2.) She also seeks a hearing. (*See* doc. 21 at 2.)

## II.  RULE 60(b)

The plaintiff's motions may be liberally construed as seeking relief from judgment under

2

Federal Rule of Civil Procedure 60(b).  *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

The plaintiff contends that she has submitted new evidence, implicating subparagraph (2) of Rule 60(b).  Her new evidence seems to consist of the proposed addition of a new defendant and argument rather than actual evidence, however.  Moreover, newly discovered evidence justifies relief "only if the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."  *Brown v. Petrolite Corp.*, 964 F.2d 38, (5th Cir. 1992) (citing *Resolution Trust Corp. v. Kemp,* 951 F.2d 657, 664 (5th Cir.1992) (citing *Harrison v. Byrd,* 765 F.2d 501, 503 (5th Cir.1985)).  The plaintiff has not made this showing.

The plaintiff's general arguments are more appropriately considered under the "catch-all" clause in subparagraph 6.  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."  *Steverson v. GlobalSantaFe Corp*., 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Relief under this clause is unavailable if the motion is premised on one of the grounds for

relief set forth in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) ("The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b).") (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005)). Motions under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, the plaintiff again asserts in conclusory fashion that she is entitled to pursue her claims because the dismissal of her prior lawsuit was without prejudice and her claims have merit. She still fails to show that this case is not duplicative of her prior lawsuit, however. *See Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (finding no error in dismissal of claim raised in a previous § 1983 action as duplicative despite the plaintiff's argument that the claim was never litigated on the merits) (citing *Bailey*); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (same). Even if this lawsuit is not duplicative, she has still also not shown that her claims based on her 2014 arrest are timely, notwithstanding the finding of untimeliness in *Terry v. Supervisor et al.*, No.

4

3:17-CV-4-G (BT), 2018 WL 2198837, at *1-2 (N.D. Tex. Apr. 23, 2018), *rec. adopted*, 2018 WL 2197531 (N.D. Tex. May 14, 2018)).

As the plaintiff correctly notes, the general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so the plaintiff had two years from the date her claims accrued to file suit. *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Id.* (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. The plaintiff's causes of action accrued, and the limitations period began to run, when she knew or had reason to know of the injuries that are the basis of her action. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Because she was aware of the alleged excessive force and assault by some detention officers at the time she was being booked into the Dallas County Jail in 2014, her causes of action accrued in 2014, and the two-year statute of limitations has long expired.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See*

*Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Federal law requires that litigants diligently pursue their actions before equitable tolling becomes available, however. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Here, the plaintiff does not allege any basis for equitable tolling, show that she has diligently pursued her claims, or show extraordinary circumstances that warrant equitable tolling.

Finally, the plaintiff seeks to add the Dallas County Sheriff's Department as a defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.  The Dallas County Sheriff's Department is not a jural entity subject to suit.  *Bell v. Dallas County Sheriff's Dept.*, No. 3:16-CV-3415-L, 2019 WL 4418227, at *2 (N.D. Tex. Aug. 19, 2019) (holding that the

Dallas County Sheriff's Department is not a jural entity subject to suit), *report and recommendation adopted*, 2019 WL 4412740 (N.D. Tex. Sept. 13, 2019); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (same). In addition to being time-barred, any claims against the defendant she now seeks to sue would be subject to dismissal for failure to state a claim. (*See id.*)

The plaintiff has not alleged extraordinary circumstances such that denial of her Rule 60(b) motions would constitute an abuse of discretion. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (noting standard of review for denial of Rule 60(b) motions) (citing *Hall v. Lousisiana*, 884 F.3d 546, 549 (5th Cir. 2018)). Nor would granting her motions be consistent with the considerations listed in *Seven Elves*.

### III. RECOMMENDATION

The plaintiff's motions should be construed as seeking relief from judgment under Rule 60(b) and **DENIED.**

**SO RECOMMENDED** on this 9th day of April, 2021.

								*[signature]*
								IRMA CARRILLO RAMIREZ
								UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE