UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KESHA TERRY, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-16-X-BH |
| | § | |
| DETENTION WORKERS, et al., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the plaintiff's Motion for Clarification and Motion to Amend. [Docs. No. 20, 21]. The United States Magistrate Judge made findings, conclusions, and a recommendation regarding the motions. [Doc. No. 22]. The plaintiff filed objections. [Doc. No. 23]. The Court therefore reviews the proposed findings, conclusions, and recommendation *de novo*. Having done so, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court previously dismissed the plaintiff's suit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2), or alternatively as time-barred.[1] The plaintiff filed objections, which the Magistrate Judge construed as a motion to alter or amend the

---

[1] Doc. No. 14. The Court found this suit frivolous because it is duplicative of a prior lawsuit that was twice dismissed for want of prosecution. *See Terry v. Supervisor et al.*, 2018 WL 3489629 (N.D. Tex. June 22, 2018), *rec. adopted*, 2018 WL 3475666 (N.D. Tex. July 18, 2018). Alternatively, the Court found this suit was also time-barred because the incident at issue occurred in 2014 and all claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018) (finding that Texas's two-year statute of limitations for personal-injury suits applies to federal section 1983 claims).

1

judgment under Federal Rule of Civil Procedure 59(e).[2] The Court accepted the Magistrate Judge's recommendation to deny this earlier motion.[3] Now the plaintiff returns with two motions that the Magistrate Judge correctly construes as a motion for relief from judgment under Rule 60(b).[4] The Magistrate Judge recommended denial of both motions.[5]

Nothing the plaintiff brings up in her conclusory motions leads the Court to believe it should exercise its discretion to relieve the plaintiff from judgment.[6] Contrary to her assertions, the plaintiff has not submitted new evidence to the Court.[7] Attempting to add a new defendant post-judgment is not evidence. Rather, construing her motions broadly, the plaintiff seems to ask the Court for relief under Rule 60(b)(6).[8] The Fifth Circuit permits lower courts to grant such motions "only if extraordinary circumstances are present."[9] Moreover, "final judgments should not lightly be disturbed . . . [and] the Rule 60(b) motion is not to be used as a substitute for appeal."[10] But that is exactly what the plaintiff does here, making arguments against the substantive points of the Magistrate Judge's findings. For instance, the

---

[2] Doc. No. 17 at 1.

[3] Doc. No. 19.

[4] Doc. No. 22 at 1.

[5] *Id*.

[6] FED. R. CIV. P. 60(b)(1)–(6) (explaining when a court may relieve a party from a final judgment).

[7] *See* FED. R. CIV. P. 60(b)(2) (allowing relief from judgment due to "newly discovered evidence").

[8] *See id*. at 60(b)(6) (allowing relief from judgment for "any other reason that justifies relief").

[9] *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002).

[10] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981).

2

plaintiff insists that her complaint is not time-barred because her prior case was dismissed without prejudice. This does not follow. Actions in Texas under section 1983 for personal injury claims have a two-year statute of limitations, which begins to run "the moment the plaintiff becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured."[11] The plaintiff was aware of her potential injury in 2014. The plaintiff's case was time-barred two years from that date. It remains so now.

Therefore, the Court **ACCEPTS** the Magistrate Judge's findings, conclusions, and recommendation, and **DENIES** the plaintiff's Rule 60(b) motion for relief from the judgment.

**IT IS SO ORDERED** this 29th day of April, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) (quotations omitted).